IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


RODRIQUEZ BROWN,

    Petitioner,

v.                                          CASE NO. 1:06-cv-00245-MP-AK

JAMES MCDONOUGH,

    Respondent.

_____/

## **REPORT AND RECOMMENDATION**

    This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, filed by Rodriguez Brown.  In the interest of judicial economy, the Court has granted Petitioner leave to proceed IFP.  The original petition is not signed or dated but was provided to prison officials on November 27, 2006.

    Petitioner pled guilty to five counts of robbery and was sentenced on November 28, 2001, to 15 years imprisonment as a prison releasee reoffender.  *Id.*  According to his petition, he did not appeal, and thus, the conviction became final on December 28, 2002.  Fla. R. App. P. 9.110(b).  On August 15, 2005, Petitioner filed a Rule 3.800 motion to correct illegal sentence in the lower court.  *Id.*  The motion was denied and affirmed on appeal on June 12, 2006.  *Id.*; *Brown v. State*, 922 So.2d 195 (Fla. Dist. Ct. App. 2006).

From the date that Petitioner's conviction became final, he had one year to seek federal habeas review of his conviction, or December 28, 2003.  28 U.S.C. §2244(d)(1)(A).  As the instant petition was not filed until November 27, 2006, almost three years out of time, Petitioner clearly missed the filing deadline, and nothing he did in state court after the expiration of the statute of limitations serves to revive the time for filing here.  *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (tolling provisions do not restart statute of limitations once limitations period has expired); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).  In other words, the time for filing the instant petition had expired before Petitioner filed his post-conviction motion in state court on August 15, 2005, and the filing of that motion could not toll a statute of limitations that had already expired.  It is of no consequence that the State statute allows a prisoner two years to seek post-conviction relief, as he has only one year to seek relief in this Court.

Though the time for filing a § 2254 petition may be equitably tolled under certain extraordinary circumstances, a review of the documents reveals nothing to support equitable tolling.  *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (to qualify for equitable tolling, petitioner must show extraordinary circumstances that are both beyond his control and unavoidable even with diligence); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000).

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED AS UNTIMELY**, and this cause be **DISMISSED WITH**

**PREJUDICE**.

      **IN CHAMBERS** at Gainesville, Florida, this __**14th**__ day of December, 2006.

                              **s/ A. KORNBLUM**
                              **ALLAN KORNBLUM**
                              **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

      **A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**